Ran v Weiner (2019 NY Slip Op 01530)





Ran v Weiner


2019 NY Slip Op 01530


Decided on March 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019

Sweeny, J.P., Renwick, Gische, Kahn, Kern, JJ.


8590 101762/16

[*1]Faye Ran, Plaintiff-Appellant,
v
Sam Weiner, et al., Defendants-Respondents.


Hunton Andrews Kurth LLP, New York (Joshua S. Paster of counsel), for appellant.
Devitt Spellman Barrett, LLP, Smithtown (Felicia Gross of counsel), for Sam Weiner, respondent.
Ryan & Conlon LLP, New York (Elizabeth E. Malang of counsel), for 451 West Broadway Cooperative, Inc., respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered October 13, 2017, which granted defendants' motions to dismiss the complaint as against them, unanimously affirmed, without costs.
The cause of action for breach of contract asserted against defendant Weiner was correctly dismissed because the proprietary lease and the house rules incorporated therein establish conclusively that plaintiff is not a third-party beneficiary of Weiner's lease with defendant cooperative corporation (see Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 710 [2018]). Section 11 of the lease provides, in pertinent part, "The Lessor shall not be responsible to the Lessee for the nonobservance or violation of House Rules by any other lessee or person."
In view of section 11 of the lease, the breach of contract cause of action asserted against the coop was also correctly dismissed; it demanded that the coop enforce its own house rules and cause Weiner to reimburse plaintiff for water damage allegedly caused by a leak emanating from his apartment.
Plaintiff's "footnote request" that she be permitted to amend the complaint a second time to add a claim for a declaratory judgment was improperly raised in opposition papers rather than by notice of motion (see generally CPLR 2214). In any event, the proposed amended pleading lacks merit (see Garcia v New York-Presbyt. Hosp., 114 AD3d 615, 615 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2019
CLERK